NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EDWARD PETTI, PETITIONER, v. CITY OF NEWARK,
RESPONDENT.

**Hernia Alleged as Result of Lifting Garbage Cans While in Re spondent's Employ—Statement Without Corroboration—Testimony to Show Story Untrue—Complaint Not Sustained.**

On petition for compensation. On finding of facts and determination.

For the petitioner, *Henry Carless.*

For the respondent, *John B. Stanard.*

\*        \*        \*        \*        \*        \*        \*

The petitioner was employed by the respondent as a laborer on or about April 7th, 1926, and that he continued in such employment up to October 9th, 1926, and that he worked in the refuse collection division of the respondent.

3. That the petitioner at the time of the alleged injury received for his services wages amounting to $25.92 per week.

4. That on the said 9th day of October, 1926, petitioner claims to have sustained personal injuries following his efforts in lifting a can of household refuse into one of the refuse trucks of the respondent; that he immediately suffered severe pain in the hernial region and was forced to at once cease his labors; that immediately thereafter he sat upon a stoop in Hunterdon street, and that he notified his foreman of his injuries, and that his foreman sent him to one of the physicians of the respondent.

5. That petitioner's testimony with respect to the manner in which he received his hurts is without corroboration. The testimony of petitioner's foreman is to the effect that on the morning of said October 9th, 1926, he, the foreman, told petitioner that his services were no longer needed and that he was discharged; that thereupon petitioner told him that he

N. J. Dept. Labor—Petti v. Newark.

was hurt and the foreman told him that he should see a doctor. The foreman further stated that he had no knowledge of the alleged injury to petitioner; that he did not know of his injury until so told by petitioner; that he did not see petitioner at any time sitting on a stoop in Hunterdon street, and that petitioner's place of employment was on top of respondent's trucks, and not on the sidewalk, lifting cans as petitioner had alleged.

6. That the testimony of one Walter Wiley, for the respondent, was to the effect that he was employed in the same loading gang with the petitioner; that they worked together on the morning of October 9th, 1926; that he did not know that petitioner had received any injuries; that he did not see petitioner sitting on the stoop in Hunterdon street; that petitioner was stationed on the truck to receive the cans as they were passed up to him. There is further testimony for the respondent by Thomas McHale, superintendent of one of respondent's collection districts, who stated that petitioner's duties were to dump the cans that were passed up to him by those below; that on his previous inspections of the work done by the crew in which petitioner was employed he had found inefficient conditions, and that he instructed the foreman, Charles Leonardis, to correct the same.

7. That the respondent had no actual knowledge of the occurrence of the alleged injury to petitioner and that the petitioner did not prove by a preponderance of evidence that he had incurred the alleged hernia in the course and out of his employment, as is shown by the above testimony of respondent's witnesses, and that petitioner made no mention of his injury to his foreman until after he had been discharged.

It is therefore, on this 15th day of March, 1927, ordered that judgment final be entered in favor of the respondent and against the petitioner.

HARRY J. GOAS,
*Deputy Commissioner.*